IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. BERKERY, SR.,<br><br>    *Plaintiff,*<br><br>v.<br><br>MELVIN ROSS GUDKNECHT,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 17-5574 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 24, 2018

## MEMORANDUM

John Berkery, proceeding *pro se*, sued Melvin Gudknecht, also unrepresented, for allegedly defaming Berkery in Gudknecht's autobiography. (Compl. at 2–7, ECF No. 3.) Pursuant to 28 U.S.C. § 1915, the Court dismisses the Complaint and grants Berkery leave to amend consistent with this Memorandum.

I

A

In September 2017, Gudknecht published Working the Edge describing his career with the United States Organized Crime Strike Force, responsible for investigating and prosecuting organized crime. (Compl. at 2.) Berkery is mentioned only in the following passage:

> One day John Berkery walked into the strike force office. Strike force attorney (SFA) Robert Courtney called me out of my office to introduce me to him. He wanted to plead his case. What case? This guy had gall and a good intelligence grid….The bon vivant [Berkery] said, "There were no embezzled union funds, Mel. No extortion, no mail fraud, or conspiracy. We incorporated and filed proper papers, all legal." (This guy should be an attorney.) John Berkery had a colorful and checkered past. He was a "man about town," "a bon vivant," and a gadfly. He was also a member of the K&A Gang, located around Kensington and Allegheny Avenue. They

1

were involved in burglaries, loan sharking, and drugs….[Berkery] had close ties with John McCullough and ties with Angelo Bruno and Ray Martorano. He worked closely with Scarfo, the southern faction of the Genovese family, the Greek mob, and the Jewish American criminals. He never got the film rights to the book. The film was never made. John fled the country to Ireland to avoid prosecution on drug charges involving two hundred gallons of P2P, the prime ingredient in making methamphetamine….Berkery was said to have IRA ties too. With all the ties he had, I didn't doubt it.

(Compl. at 2–7; Ex. A.)

Berkery claims that these comments are false and accordingly asserts a claim for defamation *per se* under Pennsylvania law. (*Id.* at 12.) Because Berkery is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).[1]

B

Berkery has twice sued other individuals for defamation for writing about his prior criminal conduct and associations. In *Berkery v. Kinney*, 936 A.2d 1010 (N.J. Ct. App. Div. Dec.18, 2007), Berkery sued a columnist with the Philadelphia Inquirer who wrote about Berkery's criminal past and his efforts to prevent the publication of Confessions of a Second Story Man: Junior Kripplebauer and the K & A Gang, a book which included a discussion of Berkery's participation in the K & A Gang. *Id.* at 1010. The Superior Court, Law Division granted summary judgment in Kinney's favor because Berkery "acknowledged six criminal convictions, including larceny, passing bogus traveler's checks, attempted burglary of an unoccupied warehouse, assault and battery, and two drug offenses[,]" and thus "clearly qualifies as a limited-purpose public

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

figure who must prove actual malice to recover in a defamation action."[2] *Id.* at 1010. He had not done so by the requisite clear and convincing evidence standard and the Superior Court, Appellate Division affirmed the trial court's decision. *Id.* at 1015.

In *Berkery v. Estate of Stuart*, 988 A.2d 1201, 1206–07 (N.J. Super. Ct. App. Div. Feb. 19, 2010), Berkery sued a Temple University professor who wrote the book about the K & A Gang. 988 at 1204. The Appellate Division again affirmed the trial court's grant of summary judgment, holding that Berkery qualified as a limited purpose public figure because the issue had already been conclusively settled in *Kinney* and there was no reason to "modify or depart from [that] conclusion[.]" *Id.* at 1207. As in *Kinney*, Berkery failed to present evidence showing the professor acted with actual malice in publishing the book. *Id.* at 1211.

II

Here, Berkery was allowed to proceed *in forma pauperis* (ECF No. 2) and 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which provides that the Court "shall dismiss the case *at any time*" if the Court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standards applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

---

[2] A limited purpose public figure is "an individual [who] voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Marcone v. Penthouse Intern. Magazine for Men*, 754 F.2d 1072, 1082 (3d Cir. 1985) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974)); *see also Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 498 (E.D. Pa. Mar. 15, 2010) ("The question of whether a plaintiff is a public or private figure is a question of law to be decided by the Court."). In determining whether an individual is a limited purpose public figure, courts consider "(1) whether the alleged defamation involves a public controversy, and (2) the nature and extent of plaintiff's involvement in that controversy." *McDowell v. Pajewonsky*, 769 F.2d 942, 948 (3d Cir. 1985) (citing *Marcone*, 754 F.2d at 1082).

To survive dismissal under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss, "[i]n addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, *Lum v. Bank of America*, 261 F.3d 217, 221 n.3 (3d Cir. 2004), and a court may take judicial notice of a prior judicial opinion." *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009); *see also Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 257 (3d Cir. 2006) ("[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.") (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)).

III

Under Pennsylvania law, "[d]efamation *per se* can be either words imputing (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct." *Mallory v. S & S Publishers*, 260 F. Supp. 3d 453, 465 (E.D. Pa. May 9, 2017), *aff'd sub nom. Mallory v. Simon & Schuster, Inc.*, No. 17-2239, 2018 WL 1559926

4

(3d Cir. Mar. 29, 2018) (quoting *Clemente v. Espinosa*, 749 F. Supp. 672, 677 (E.D. Pa. 1990)). A defendant can prevail if he shows that his statements were "substantially true." *See* 42 Pa. Cons. Stat. Ann. § 8343(b)(1).

When a limited purpose public figure asserts a claim for defamation *per se*, he must plausibly allege "that the defendant acted with actual malice in publishing statements about [him]." *Mallory*, 260 F. Supp. 3d at 465; *see also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 58 (1st Cir. 2012) (affirming dismissal of defamation claim brought by public figure for failure to plead facts from which malice might reasonably be inferred). Actual malice is present when the statement is made "with knowledge that it was false or with reckless disregard of whether it was false or not." *N.Y. Times v. Sullivan*, 376 U.S. 254, 280 (1964). Reckless disregard "is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Rather, the plaintiff must allege "that the defendant in fact entertained serious doubts as to the truth of his publication," *id.*, or "purposefully avoided contradictory information due to the publisher's doubts as to the truth of his own statements." *MzAmane*, 693 F. Supp. 2d at 506; *see also Gertz*, 418 U.S. at 335 n.6).

IV

As already established by the New Jersey courts, Berkery is a limited purpose public figure, which requires him to allege that Gudknecht acted with actual malice when he described Berkery in his book. Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different

5

claim. *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001); *see also Lance v. Dennis*, 546 U.S. 459, 466 (2006) (discussing preclusive effect of state court judgment in subsequent federal lawsuit, which is governed by the Full Faith and Credit Act).

Each element of issue preclusion is satisfied. *See Karns v. Shanahan*, 879 F.3d 504, 514 n.3 (3d Cir. 2018); *see also First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007). In *Kinney* and *Estate of Stuart*, the New Jersey courts found that Berkery is a limited purpose public figure based on his criminal record and association with organized crime, including the K & A Gang. *See Kinney*, 936 A.2d at 1014–15; *Estate of Stuart*, 988 A.2d at 1206–07. That issue was litigated by Berkery in those proceedings, both of which resulted in final judgments against him. *Kinney*, 936 A.2d at 1014–15; *Estate of Stuart*, 988 A.2d at 1206–07. Finally, the determination that he is a limited purpose public figure was essential to both judgments. The Court need not reexamine what has already been settled—that Berkery is a limited purpose public figure.

Berkery must accordingly allege sufficient facts from which the Court may reasonably infer that Gudknecht acted with actual malice when writing the passage at issue in his book. *St. Surin*, 21 F.3d at 1318 (citing *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 n.30 (1984)). In his Complaint, Berkery does not contend that Gudknecht acted with actual malice, let alone provide any factual support for such an allegation. *See Santiago v. Warminster Tp.*, 629 F.3d 121, 131–32 (3d Cir. 2010) (discussing conclusory statements unsupported by further factual content). Rather, Berkery contends that "actual malice need not be shown" because the law "presumes malice[.]" (Compl. at 15.) That is incorrect. To proceed with a defamation *per se* claim

6

against Gudknecht, Berkery must allege sufficient facts which could show that Gudknecht either knew that the statements he wrote were false or had serious doubts about their veracity. *See, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (finding the plausibility standard applies to allegation of actual malice in defamation claim asserted by public figure); *Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015) (affirming dismissal of defamation claim for failure to plead facts from which malice might reasonably be inferred); *McDonald v. Wise*, 769 F.3d 1202, 1220 (10th Cir. 2014) (same); *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013) (same); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377–78 (4th Cir. 2012) (finding allegation that defamatory statements "were known by [the defendants] to be false at the time they were made, were malicious or were made with reckless disregard for their veracity" were too conclusory to plausibly allege malice); *Schatz*, 669 F.3d at 58 (same).

V

The Court dismisses Berkery's Complaint. This dismissal is without prejudice to Berkery's right to file an amended complaint to the extent that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). If he can sufficiently allege that Gudknecht acted with actual malice, Berkery must file an amended complaint by August 23, 2018.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.